```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Luis Morales-Reyes,
Carlos Daniel Echevarria-Gongo,
    a/k/a "Chapito,"
Amaury Ruiz Martinez,
    a/k/a "Amauri Canales," and
Jansy Perez,
    a/k/a "Jan,"

*Defendants.*

**Protective Order**

**22 Cr. 351 (LAK)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Confidential," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the

defendants or their counsel that are either (1) designated in whole or in part as "Subject to Protective Order" by the Government in emails or communications to defense counsel, or (2) that include Bates or other label stating, "Subject to Protective Order," shall be deemed "Confidential Material."

2. **Attorney's Possession Only ("APO") Material.** Certain discovery materials in this case may raise a particular risk of affecting the privacy and confidentiality of individuals and entities. Disclosure material produced by the Government to counsel that are either (1) designated in whole or in part as "APO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "APO," shall be deemed "APO Material." Any material designated as APO material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material designated as Confidential Material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendants; and

(d) Such other persons as hereafter may be authorized by the Court.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Confidential Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. Any APO Material received by the defense shall be maintained in a safe and secure manner solely by the defendants' counsel; shall not be possessed by the defendants, except in the presence of the defendants' counsel; and shall not be disclosed in any form by the defendants or their counsel except as set forth herein.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

9. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Confidential Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's

consideration of any disputes regarding the Requested Material. The Government's designation of material as Confidential Material will be controlling absent contrary order of the Court.

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has searched and seized pursuant to warrants issued during the course of the investigation, including from cellphones.  Some of this ESI was seized from the defendants.  Upon the consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material (the "seized ESI disclosure material").  The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense.  They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

11. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later.  If Confidential Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

**Retention of Jurisdiction**

13. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


by: _____/s/_____        Date: _____8/1/22_____
    Matthew Weinberg
    Assistant United States Attorney

| | | |
|---|---|---|
| _____/s/_____ <br> Jeffrey Cohn, Esq. <br> Counsel for Luis Morales-Reyes | Date: | 8/1/22 |

| | | |
|---|---|---|
| _____/s/_____ <br> Grainne O'Neill, Esq. <br> Counsel for Carlos Daniel Echevarria-Gongo | Date: | 8/2/22 |

| | | |
|---|---|---|
| _____/s/_____ <br> Stephen Turano, Esq. <br> Counsel for Amaury Ruiz Martinez | Date: | 7/25/22 |

| | | |
|---|---|---|
| _____ <br> Sabrina Shroff, Esq. <br> Counsel for Jansy Perez | Date: | |

SO ORDERED:

Dated:  New York, New York
        August 4 , 2022

 /s/ Lewis A. Kaplan (mab)
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK